IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH, | |
| Plaintiff, | 4:18CV3085 |
| vs. | |
| JESSICA DRYER, in her capacity; and STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed his Complaint on June 15, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff sues Jessica Dryer, "the County Attorney office . . . case manager," and the State of Nebraska, alleging Dryer abused her authority and discriminated against him in violation of his equal protection rights. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges he received notice on or about April 10, 2018, that his driver's license had been suspended for noncompliance with a child support order. Plaintiff alleges he had complied with the child support order on April 3, 2018, and provided proof of compliance to Dryer. Dryer told Plaintiff that his license had been suspended by mistake and reinstated his license. However, Dryer "put a stay on plaintiff[']s drivers liscence [sic] stating that they would need to receive another payment in 30 days or the liscense [sic] would be suspended." (*Id.*)

Plaintiff complains that Dryer is "abusing her power of authority by suspending the Plaintiff[']s drivers liscense [sic] when the child support obligation was paid in a timely manner" and "putting the Plaintiff into a position to have his car impounded, pay fines, or become incarcerated." (*Id.* at CM/ECF p. 2.) Plaintiff further alleges Dryer discriminated against him based on her use of "racist gestures and being unprofessional rolling her eyes at the plaintiff" during their meeting and "by using her power to bully the plaintiff when he is an indigent and cannot afford the child support obligation." (*Id.*) Plaintiff seeks $7,317 in damages "for discrimination [and] loss of his liscense [sic] over the last two months." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff brings this action against Dryer and the State of Nebraska under 42 U.S.C. § 1983 alleging an equal protection violation. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998). As explained below, Plaintiff has failed to state a plausible equal protection claim under section 1983 against either of the Defendants.

**A. State of Nebraska**

Plaintiff seeks monetary damages from the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.

In addition, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 201 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska. Accordingly, Plaintiff's claims against the State of Nebraska will be dismissed.

**B. Dryer**

Plaintiff alleges claims against Dryer, "the County Attorney office . . . case manager," for abuse of her authority and discrimination. (Filing No. 1 at CM/ECF p. 1.) While Plaintiff does not specify what County Attorney's office employs Dryer, the court can infer and will presume that Plaintiff is referring to the Lancaster County Attorney's office based on the fact that he resides in Lincoln, Nebraska. Because Plaintiff does not specify in what capacity Dryer is being sued, the court must assume she is sued in her official capacity. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against Dryer are claims against Lancaster County. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.")

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental

policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. In fact, Plaintiff fails to allege any facts suggesting Lancaster County has a policy or custom of discriminating against individuals based on race or economic status with respect license suspensions or reinstatements related to child support obligations. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states an equal protection claim upon which relief may be granted against Dryer in her individual capacity. Plaintiff should be mindful to explain in his amended complaint what the defendant did to him, when the defendant did it,

and how the defendant's actions harmed him. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDRED that:

1. Plaintiff's claims against the State of Nebraska are dismissed as barred by sovereign immunity.

2. Plaintiff has until **December 7, 2018**, to file an amended complaint which states a plausible equal protection claim against Jessica Dryer. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the normal course of business.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: **December 7, 2018**: check for amended complaint.

Dated this 7th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge